IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



THOMAS EBRON,

    Plaintiff,

v.                        Civil Action No. 3:16CV720

KAREN D. BROWN, et al.,

    Defendants.

**MEMORANDUM OPINION**

Thomas Ebron, a Virginia inmate proceeding pro se, filed this 42 U.S.C. § 1983 action.[1] On February 21, 2017, the Court received an Amended Complaint (ECF No. 9), as well as a Motion for Leave to Amend (ECF No. 10), from Ebron. The Court will grant Ebron's Motion for Leave to Amend. The action therefore proceeds on Ebron's Amended Complaint. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

## I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle

applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to

survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations

Ebron, a Virginia inmate eligible for discretionary parole, brings this action against Karen D. Brown, Chairman of the Virginia Parole Board ("VPB"), and the VPB itself. (Am. Compl. 1-2.)[2] In April of 2015, the VPB reviewed Ebron for release on discretionary parole. (Am. Compl. Ex. C, at 1, ECF No. 9-3.)

---

[2] The Court utilizes the pagination assigned to Ebron's Amended Complaint by the CM/ECF docketing system. The Court corrects the punctuation and spelling in quotations from Ebron's Amended Complaint.

The VPB denied Ebron's release on parole on the following grounds:

- Release at this time would diminish seriousness of crime
- Serious nature and circumstances of your offense(s)
- History of violence.

(Id.)

In March of 2016, the VPB again reviewed Ebron for release on discretionary parole. (Am. Compl. Ex. A, at 1, ECF No. 9-1.) The VPB denied Ebron's release on parole on the following grounds:

- Release at this time would diminish seriousness of crime
- Extensive criminal record
- Serious nature and circumstances of your offense(s)
- Crimes committed
- History of violence.

(Id. at 2.) Ebron appealed that decision, noting that he was not provided with an opportunity to review his file prior to the parole review and asking for further information as to what he could do to aid a favorable decision. (See Am. Compl. Ex. B, at 1-8, ECF No. 9-2.) The VPB denied Ebron's appeal, noting that "[t]he information on which the request for appeal is based does not show a significant error . . . related to the stated reason(s) for the decision." (Id. at 1.)

5

In his present Complaint, Ebron raises the following claims for relief:

> Claim One: The VPB violated Ebron's right to due process[3] by:
> (a) failing to allow him to review his file prior to parole review, which made him unable to refute information about his juvenile record (Am. Compl. 4-5, 8.)
> (b) not "review[ing] [him] by one member let alone two, as required, and . . . never expressly provid[ing] any reason why it exercised its discretion in allowing someone other than an actual member to [r]eview Ebron for parole" (id. at 6);
> (c) failing to timely respond to Ebron's appeal with a certified decision (id. at 7.);
> (d) failing to take into account "the statements made by Mrs. Jacqueline Young with regards to Ebron's actual role in the death of Mr. Young" (id. at 9);
> (e) allowing Karen Brown to issue parole decisions even though she "was no longer a member of the VPB as of January 5, 2016" (id.); and,
> (f) not providing "notice of the pamphlet which clearly informs prisoners of the grounds on which parole eligibility is based." (Id.)

### III. Analysis

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972). Thus, the first step in analyzing a

---

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

6

procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). Where government action impacts a protected liberty interest, the second step is to determine "what process is due" under the circumstances. Morrissey v. Brewer, 408 U.S. 471, 481 (1972) (observing that "due process is flexible . . . not all situations calling for procedural safeguards call for the same kind of procedure").

A liberty interest may arise from the Constitution itself, or from state laws and policies. Wilkinson v. Austin, 545 U.S. 209, 220-21 (2005). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). "With no constitutional right to parole per se, federal courts recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996) (quoting Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991)).

The United States Court of Appeals for the Fourth Circuit consistently has found the pertinent Virginia statutes fail to create a protected liberty interest in release on parole. See

Burnette v. Fahey, 687 F.3d 171, 181 (4th Cir. 2012) (citing Gaston, 946 F.2d at 344; Vann, 73 F.3d at 522). Virginia, however, has created a limited liberty interest in consideration for parole. Burnette v. Fahey, 3:10CV70, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010); Burnette, 687 F.3d at 181. "The question thus becomes what procedures are required under the Due Process Clause in [considering] an inmate for discretionary release on parole." Burnette, 2010 WL 4279403, at *8 (quoting Neal v. Fahey, No. 3:07cv374, 2008 WL 728892, at *2 (E.D. Va. Mar. 18, 2008)).

The Fourth Circuit has stated that the Constitution requires only a very limited amount of process in considering an inmate for parole. Specifically, "[a]t most, . . . parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." Burnette, 687 F.3d at 181 (alteration and omission in original) (citation omitted) (internal quotation marks omitted). "So long as the statement provides a valid ground for denying parole, the federal courts cannot, under the guise of due process, demand more from the state." Burnette, 2010 WL 4279403, at *8 (citation omitted).

Here, the VPB provided Ebron with a statement of its reasons for denying him parole. (Am. Compl. Exs. A, C.) In 2015, the VBP declined to release Ebron on parole based upon the

following factors: "[r]elease at this time would diminish [the] seriousness of [the] crime;" the "[s]erious nature and circumstances of [his] offense(s);" and a "[h]istory of violence." (Am. Compl. Ex. C, at 1.) In 2016, the VPB declined to release Ebron on parole based upon the following factors: "[r]elease at this time would diminish [the] seriousness of [the] crime;" an "[e]xtensive criminal record;" the "[s]erious nature and circumstances of [his] offense(s);" the "[c]rimes committed;" and a "[h]istory of violence." (Am. Compl. Ex. A, at 1.) The Fourth Circuit has "concluded that the parole board gave constitutionally sufficient reasons when it informed the prisoner that he was denied parole release because of 'the seriousness of [his] crime' and his 'pattern of criminal conduct.'" Burnette, 2010 WL 4279403, at *8 (alteration in original) (quoting Bloodgood v. Garraghty, 783 F.2d 470, 472, 474 (4th Cir. 1986)). Ebron's Amended Complaint demonstrates that he received all of the process that the Constitution requires. Accordingly, he fails to state a claim for relief for the denial of due process.[4] The action will be dismissed. The

---

[4] The Constitution simply does not require the amount of process Ebron desires. Instead, "inmates are entitled to no more than minimal procedure" comprised of a statement from the VPB explaining its reasons for denial of parole. Burnette, 2010 WL 4279403, at *8 (internal quotation marks omitted) (citations omitted). The Fourth Circuit has explained "that there 'is no constitutional requirement that each prisoner receive a personal

Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Ebron.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: April 27, 2017
Richmond, Virginia

---

hearing, have access to his files, or be entitled to call witnesses [or put on other evidence] in his behalf to appear before the Board. These are all matters which are better left to the discretion of the parole authorities." Id. at *8 n.7 (quoting Franklin v. Shields, 569 F.2d 784, 800 (4th Cir. 1997)). Finally, to the extent Ebron argues that the VPB failed to follow its own procedures, it is well established that "there is no protected liberty interest in the procedures themselves . . . ." Hill v. Jackson, 64 F.3d 163, 170 (4th Cir. 1995) (internal quotation marks omitted) (citation omitted).